[L. A. No. 7978. In Bank.—October 29, 1925.]

H. RICHLIN, Respondent, v. UNION BANK & TRUST COMPANY (a Corporation), Appellant.

[1] CONVERSION—PERSONAL DEBT OF PARTNER—PLEDGE AND ASSIGNMENT OF PARTNERSHIP PROPERTY—NOTICE OF PLAINTIFF'S INTEREST IN PROPERTY—FINDING—EVIDENCE.—In this action against a bank for conversion of certain personal property which it took possession of under the authority of a bill of sale thereof which was executed in its favor by plaintiff's partner, after plaintiff's partner had executed his promissory note in favor of the bank for his own personal debt and had pledged with the bank, as security for the payment of said note, all his interest in a contract of sale of

said property between himself and the vendor, and had delivered said contract to the bank with an assignment indorsed thereon of all his "right, title and interest" therein, the evidence was sufficient to support the finding of the trial court that the bank, at the time it took said pledge, had notice of plaintiff's interest in said property.

[2] ID.—NEGLIGENCE—ESTOPPEL—NOTICE—EVIDENCE.—In such action, the contention that the plaintiff is estopped from asserting his interest in the property as against the bank by reason of his alleged negligent acts in allowing his partner to hold himself out to the bank and to the world in general as the sole owner of the property cannot be sustained, where, first, the bank had knowledge on the day the pledge was made by said partner for the latter's own personal debt that the plaintiff claimed an interest in the property, and, secondly, no negligence on the part of the plaintiff was shown, it being in evidence and not disputed that the partner's contract with the vendor of said property was signed the day before plaintiff paid his money to the partner toward the purchase price of the property.

[3] ID.—APPARENT ASSUMPTION OF OWNERSHIP OF PROPERTY—SECTION 2991, CIVIL CODE — EVIDENCE. — Section 2991 of the Civil Code, which provides that "One who has allowed another to assume the apparent ownership of property for the purpose of making any transfer of it, cannot set up his own title, to defeat a pledge of the property, made by the other, to a pledgee who received the property in good faith, in the ordinary course of business, and for value," cannot be successfully relied on by the bank to defeat plaintiff's interest in the property, where it is not shown how or in what way plaintiff allowed his partner to do anything, or in what respect plaintiff could prevent said partner from doing what he did do.

[4] ID.—GOOD FAITH—PRESUMPTION—PLEDGE.—Plaintiff was entitled to presume good faith on the part of his partner and was not required to contemplate that the latter would pledge the entire partnership assets as security for his own personal indebtedness and not notify the pledgee of the existence of the partnership.

[5] ID. — PLEDGE OF PARTNER'S INTEREST — EFFECT UPON INTEREST OF OTHER PARTNER—NOTICE.—Conceding that the plaintiff's partner had the right to sell or encumber his own interest in the partnership property without the consent of the plaintiff, he could not effectually pledge the entire assets of the partnership as security for his personal debt to one who had due notice of the partnership and of the interest of the plaintiff and thus divest the plaintiff of his interest in the property.

3.  See 21 Cal. Jur. 299; 21 R. C. L. 638.

[6] ID. — PARTNERSHIP — CONTRACTS. — A partner, as agent for the partnership, has the right to bind the partnership by oral or written agreement in matters concerning the business of the partnership.

[7] ID.—ABANDONMENT OF BUSINESS—SECTION 2430, CIVIL CODE—EVIDENCE.—In such action, the assignment of the partnership property to the bank cannot be justified under section 2430 of the Civil Code, which provides that "A partner, as such, has not authority to do any of the following acts, unless his copartners have wholly abandoned the business to him or are incapable of acting: 1. To make an assignment of the partnership property or any portion thereof to a creditor, or to a third person in trust for the benefit of a creditor or of all creditors," where the evidence does not support the claim that plaintiff abandoned the partnership business to his partner and it is not claimed, and could not be claimed under the evidence, that plaintiff was incapable of acting.

[8] ID. — SECTION 2430, CIVIL CODE — CONSTRUCTION OF. — The terms "creditor" and "creditors," as used in Section 2430 of the Civil Code, refer to the creditor or creditors of the partnership and not those of an individual partner.

[9] ID.—TRANSACTION BETWEEN PLAINTIFF'S PARTNER AND BANK—EFFICACY OF PAPERS.—The transaction between plaintiff's partner and the bank by which the former purported to transfer the partnership property as security for his personal debt could not operate to effectually divest plaintiff of his interest in the property, where by the pledge agreement with the bank said partner pledged and deposited with the bank a contract of sale of the property in question between said partner and the vendor (under which contract of sale title to the property had passed out of the vendor and all that remained to be done was the payment by said partner of a balance of the contract price), and by the assignment of said contract to the bank said partner assigned his "right, title, and interest" therein, and by the bill of sale to the bank, which was executed almost two months after the pledge agreement and assignment, said partner assigned and sold all of his "right, title and interest in and to the personal property" described in said contract.

---

(1) 30 Cyc., p. 680, n. 76.   (2) 21 C. J., p. 1170, n. 67, p. 1179, n. 23.   (3) 21 C. J., p. 1172, n. 77, p. 1173, n. 83.   (4) 30 Cyc., p. 498, n. 46.   (5) 30 Cyc., p. 498, n. 45.   (6) 30 Cyc., p. 488, n. 87. (7) 30 Cyc., p. 498, n. 46.   (8) 30 Cyc., p. 522, n. 73.   (9) 30 Cyc., p. 498, n. 48 New.

6.  See 20 Cal. Jur. 742; 20 R. C. L. 803.
7.  See 20 Cal. Jur. 746.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Isaac Pacht and Clare Warne for Appellant.

E. F. Gerecht and C. W. Hall for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendant and appellant bank in the sum of $2,862.50 together with interest from January 26, 1920. The action is one for the conversion of certain machinery and iron material in which the plaintiff is alleged to have had an interest to the extent of the amount of the judgment. The facts substantially are as follows: Prior to and at the time of the transactions in question the defendant D. Polen was engaged in the auction business on Hill Street, in the city of Los Angeles, under the name of De Luxe Auction Company. One E. C. Eddie was the owner of a considerable quantity of machinery and iron material including the personal property involved herein and which was located at 707 Antonio Street in said city. Polen was negotiating with Eddie for the purchase of said property with a view of the resale thereof at auction or otherwise and paid a deposit of $50 on account of the purchase price of $6,000. Polen interested the plaintiff in the enterprise and the two, under date of November 12, 1919, entered into a partnership agreement limited to the purchase and sale of said property. By this agreement the plaintiff agreed to pay the sum of $3,000 on account of the purchase price. He further agreed to contribute his own labor and the' labor of an extra man from the date of the partnership agreement until the property was sold and was to receive thirty-five per cent of the proceeds of sale after all expenses were paid. Polen, in his individual capacity, entered into an agreement of sale with Eddie and on the following day the plaintiff paid to Polen the sum of $3,000 in accordance with the partnership agreement. The agreement of sale with Eddie acknowledged payment of $3,100 by Polen. The balance of $2,900 on the purchase price was

to be paid on or before December 10, 1919. Under the agreement the purchasers took immediate possession of the property but it was to remain on the premises at 707 Antonio Street until sold. Plaintiff commenced at once to repair and remodel the machinery and material in preparation for its sale and was in possession of the portion thereof involved in this action until the alleged conversion thereof by the defendant bank. An auction sale was advertised for and took place on or about December 18th, but all of the merchandise was not sold on that day. The sale was stopped, according to the plaintiff's undisputed statement, because in his judgment the goods were not being sold at a satisfactory price. Almost immediately thereafter trouble arose between the partners and after negotiations an accounting and a dissolution of the partnership were agreed upon. It was then agreed that the plaintiff's interest in the merchandise was $2,862.50 and that he should sell the same, apply the proceeds to the satisfaction of his interest therein, and pay the balance to Polen.

The defendant Polen had been doing business at the defendant bank. On December 3, 1919, his account was overdrawn to the extent of $1,800. He was called to the bank by one of its officers for consultation, the result of which was that Polen executed to the bank a promissory note for $2,000 to cover the overdraft and as security for the payment of said note pledged to the bank all of his interest in the contract of sale between Eddie and himself. This pledge was accomplished by the delivery of said contract to the bank with an assignment indorsed thereon dated December 3, 1919, and signed "D. Polen," and by the terms of which Polen did "assign and transfer to the Union Bank & Trust Co. of Los Angeles all right, title and interest" which he had in the "contract with E. C. Eddie." Under date of January 26, 1920, Polen executed to the bank a bill of sale in which he assigned, sold, and set over to the bank all of his "right, title and interest in and to the personal property, machinery and junk mentioned and described in that certain agreement heretofore executed between E. C. Eddie and D. Polen, which said agreement was heretofore and on to wit: the 3rd day of November, 1919, assigned by the said D. Polen to the said Union Bank and Trust Company." Under the authority of said bill of sale and on the

date thereof the remaining portion of said machinery and material to the value of over $5,000 was removed from the premises at 707 Antonio Street and appropriated to the use and benefit of the bank, whereupon this action was brought. In a former action by the plaintiff against these same defendants and involving the same subject matter a default judgment in the sum of $2,862.50 was entered aaginst the defendant Polen on the second day of February, 1921, and said action as against the defendant bank was dismissed without prejudice. In the present action the defendant Polen interposed a plea in bar in this, that he had been adjudicated a bankrupt by the district court of the United States in and for the southern district of California. The. plea was sustained and the court adjudged herein "that plaintiff take nothing as against defendant D. Polen." That portion of the judgment has become final.

The facts above related are without substantial conflict. In its answer the defendant bank denied the alleged conversion and as an affirmative defense alleged that the defendant Polen did for a valuable consideration to him paid by the defendant corporation sell, assign, transfer, and set over to the defendant the said contract for the purchase of said machinery and material; that in pursuance of said assignment and sale to said corporation, the corporation took possession of said machinery and material or as much as remained and had not been sold by the said D. Polen; that it took the assignment of said contract from Polen in good faith, for a valuable consideration, in due course of business and without notice of any alleged interest of the plaintiff therein; that the plaintiff permitted ·the defendant Polen to have possession of said machinery and material and knowingly suffered and permitted said Polen in his own name to enter into the written contract with said Eddie for the purchase of said chattels and permitted D. Polen to obtain possession thereof in his individual capacity and that plaintiff likewise permitted and suffered said Polen to hold himself out to said defendant corporation and to the world generally as the sole and exclusive owner of said property. The court found these affirmative allegations of the answer to be untrue and it is contended by the defendant bank that said findings are unsupported by the evidence. It is insisted that the evidence shows that the bank took the assign-

ment of the contract for the purchase of the merchandise as a *bona fide* purchaser for a valuable consideration and without notice of any claim of the plaintiff.

[1] A review of the evidence shows that said findings were amply supported. At the time the pledge was taken a representative of the bank by the name of Henry Runsten went to the place where the merchandise was located for the particular purpose of making an investigation as to the ownership of the property. There Runsten met Eddie and the plaintiff. Runsten testified that when he arrived he told Eddie that Polen owed the bank some money and that he had come to find out what title Polen had to the property. Runsten had seen the contract of sale and inquired of Eddie if it was a "legitimate buy." The plaintiff testified that he did not hear the first part of the conversation between Eddie and Runsten but that he did hear Runsten ask Eddie if it was a "legitimate buy"; that he then asked Runsten what he meant by that; that Runsten replied that he wanted to buy the goods from Polen, whereupon the plaintiff told him that he could not buy the goods from Polen; that Polen could only sell the goods at auction and that he, the plaintiff, was a part owner of the property and had paid Polen $3,000 for his interest; that Runsten then said: "I know Polen, I will see what I can do," and went away. The plaintiff was corroborated by the witness Edelstein, who overheard the conversation. Runsten denied that he had talked with the plaintiff at the time in question, but with this conflict in the evidence this court is, of course, not concerned. The testimony of the plaintiff alone was sufficient to support the finding that the bank at that time had notice of the plaintiff's claim.

[2] It is next contended that the plaintiff is estopped from asserting his interest in the property as against the bank by reason of his alleged negligent acts "in allowing Polen, his alleged partner, to hold himself out to the appellant bank and to the world in general as the sole owner of the property in question." Reliance is placed on section 3543 of the Civil Code, which provides that "where one of two innocent persons must suffer for the act of a third, he, by whose negligence it happened must be the sufferer." There are two reasons why this section is not available to the defendant bank; first, because under the evidence the

said defendant had knowledge on the day the pledge was made by Polen that the plaintiff claimed an interest in the property; and, secondly, no negligence on the part of the plaintiff was shown. It was in evidence and not disputed that Polen's contract with Eddie was signed the day before plaintiff paid his money to Polen. It does not appear that the plaintiff then had any control over the actions of Polen in executing the contract in his individual capacity.

[3] The appellant also relies on section 2991 of the Civil Code, which is as follows: "One who has allowed another to assume the apparent ownership of property for the purpose of making any transfer of it, cannot set up his own title, to defeat a pledge of the property, made by the other, to a pledgee who received the property in good faith, in the ordinary course of business, and for value." Assuming that the transfer for security of the property in question was effected by the assignment and pledge of December 3d, a subject upon which something more will presently be said, it is not disclosed by the evidence nor by the argument of counsel how or in what way the plaintiff allowed Polen to do anything, or in what respect the plaintiff could prevent Polen from doing what he did do. [4] The plaintiff was entitled to presume good faith on the part of Polen and was not required to contemplate that Polen would pledge the entire partnership assets as security for his own personal indebtedness and not notify the pledgee of the existence of the partnership. [5] Conceding that Polen had the right to sell or encumber his own interest in the partnership property without the consent of the plaintiff, it is clear that he could not effectually pledge the entire assets of the partnership as security for his personal debt to one who had due notice of the partnership and of the interest of the plaintiff and thus divest the plaintiff of his interest in the property.

What has just been said would seem to dispose of the third and last contention of the defendant bank, namely, that Polen had the legal right to pledge and transfer the title to said property by reason of his partnership relation to the plaintiff. [6] The right of a partner as agent for the partnership to bind the partnership by oral or written agreement in matters concerning the business of the partnership is, of course, unquestioned (sec. 2429, Civ. Code).

[7] It is insisted, however, that under the evidence plaintiff had abandoned the copartnership business to Polen and that the latter therefore had the power to make an assignment of the partnership property to a creditor under section 2430 of the Civil Code, which provides that "A partner, as such, has not authority to do any of the following acts, unless his copartners have wholly abandoned the business to him, or are incapable of acting: 1. To make an assignment of the partnership property or any portion thereof to a creditor, or to a third person in trust for the benefit of a creditor or of all creditors; . . . " A sufficient answer to this contention is that the evidence does not support the claim that the plaintiff abandoned the partnership business to Polen and it is not claimed, and could not be claimed under the evidence, that the plaintiff was incapable of acting. On the contrary, the record discloses that the plaintiff asserted his interest in the property at all times, both before and after the accounting and remained in possession of the same for the purpose of winding up the business for which the partnership was formed. Furthermore, no authority has been cited which could confirm even the semblance of authority to Polen under said section 2430 and under the evidence in this case to assign the entire partnership assets to his own personal creditor. [8] By the use of the terms "creditor" and "creditors" in the section it is obvious that the creditor or creditors of the partnership are referred to and not those of an individual partner. The cases cited by the defendant bank have been examined. It is not necessary to review them. None is authority for the defendant bank's position under the facts here presented.

[9] There is another consideration which would also seem to establish beyond doubt that the pledge of Polen to the bank was entirely ineffectual to divest the plaintiff of his interest in the property. The contract between Polen and Eddie acknowledges receipt of $3,000 on the purchase price of $6,000. A credit of $100 was allowed and Polen agreed to pay the balance of $2,900 on or before December 10th. There is no provision in the contract that title should remain in Eddie until the balance of the purchase price was paid. The partnership went into immediate possession, prepared the merchandise for resale, and sold

a portion of it, presumably conveying good title to their purchasers. Under the contract and the conduct of the parties it is clear that the title to the property passed to Polen or to the partnership at the time of the payment of the $3,000 and possession of the goods was taken. Whether title passed to Polen or to the partnership is immaterial, for in either event the contract became executed except as to the obligation of Polen to pay the balance of the purchase price. The assignment to the bank was an assignment of the right, title, and interest of Polen to "the within contract with E. C. Eddie." It did not assign his interest in the property purchased under the contract. His interest in the contract itself could be of no substantial benefit to the assignee, for the reason that all that remained to be done under it was the payment by Polen of the balance of the contract price. At the time of the assignment Polen was entitled to nothing under the contract of sale and its assignment by him conveyed nothing. Likewise, the pledge agreement which was made a part of the promissory note executed by Polen to the bank is similarly deficient. It provides that Polen does "hereby assign, pledge, transfer and deposit" with the bank "the following personal property . . . Agreement of sale with E. C. Eddie covering certain equipment and machinery at 707 Antonio St. and evidencing the payment of $3,000." This agreement of pledge does not purport to hypothecate the property described in the contract of sale, but by its terms pledges and deposits only the written contract under which at that time Polen was entitled to nothing which he had not already received. The bill of sale executed by Polen on the 20th of January, 1920, and pursuant to which the defendant bank on the same day caused possession of the property to be taken in its behalf could not, under the circumstances here shown, convey to the bank the interest of the plaintiff in said property.

The judgment should therefore be affirmed, and it is so ordered.

Richards, J., Seawell. J., Waste, J., Lawlor, J., Myers, C. J., and Lennon, J., concurred.